UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM H. BUTLER and<br>FREDDIE W. TALLANT,<br><br>   Plaintiffs,<br><br>v.<br><br>CHFS, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 6: 20-234-WOB<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs William Butler and Freddie Tallant indicate that they are confined at the Laurel County Detention Center in London, Kentucky. However, neither plaintiff is currently an inmate at the jail.[1] The plaintiffs have filed a two-page handwritten complaint alleging that in October 2020 the Child Support Enforcement Division of the Cabinet for Health and Family Services confiscated the entirety of their "stimulus relief checks" and applied the funds to their obligations for unpaid child support. [R. 1] They contend that this violates the "CARES Act." [R. 2]

The Court has reviewed the plaintiffs' submission, but concludes that this action should be dismissed for several reasons. First, the plaintiffs failed to comply with this Court's Local Rule that *pro se* complaints must be filed on a court-approved form. LR 5.2(a). Second, neither of the plaintiffs paid the required $402.00 filing fee or filed a motion to proceed *in forma pauperis*. Third, the letter by Butler and Tallant fails to provide sufficient facts

---

[1] *See* http://www.laurelcountycorrections.com/laurelcoc_inmatelist.html (visited on Dec. 10, 2020).

regarding the amount of child support owed and the circumstances of the alleged confiscation to adequately state a viable claim for relief under Rule 8 of the Federal Rules of Civil Procedure. Fourth, the plaintiffs' claims are not properly joined together in a single suit under Rules 18 and 20 of the Federal Rules of Civil Procedure. *Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010) (noting that joinder requires commonality of both legal claims and the underlying factual basis for them).

However, the Court will dismiss the plaintiffs' complaint with prejudice because their claim is simply without merit. By its terms the CARES Act, Pub. L. 116-136 (Mar. 27, 2020)[2], expressly provides that the "economic impact payment" of up to $1,200.00 per person cannot be offset against the kinds of debts expressly identified in Section 2201(d)(1) to (d)(3) of the Act. However, child support obligations are not one of the debts excepted from setoff. Accordingly, the stimulus payment can be garnished to pay past-due child support pursuant to Section 464 of the Social Security Act and Section 6402(c) of the Internal Revenue Code. See 26 U.S.C. §§ 6402(c) (2019), 26 U.S.C. § 6428 (2020).[3] The website of the Internal Revenue Service dedicated to the CARES Act stimulus payment states this clearly: "Your [Economic Impact] Payment will be offset if you owe past-due child support."[4] Therefore none of the

---

[2] *See* https://www.congress.gov/116/bills/hr748/BILLS-116hr748enr.pdf) (visited on Dec. 10, 2020).

[3] *See* https://crsreports.congress.gov/product/pdf/IN/IN11322#:~:text=Section%202201(d)%20of%20the,the%20Child%20Support%20Enforcement%20(CSE) (visited on Dec. 10, 2020).

[4] *See* https://www.irs.gov/newsroom/economic-impact-payment-information-center-topic-d-receiving-my-payment (visited on Dec. 10, 2020).

defendants violated the plaintiffs' federal rights by garnishing their stimulus payment to satisfy unpaid child support obligations.

Accordingly, it is **ORDERED** as follows:

1. The complaint filed by William Butler and Freddie Tallant [R. 1] is **DISMISSED** with prejudice.

2. All pending motions are **DENIED**.

3. This action is **STRICKEN** from the Court's docket.

This 11th day of December, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge